Marvin C. Ruth (024220)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 224-0999
F: (602) 224-6020
mruth@cblawyers.com

*Attorneys for Plaintiff Wilmington Savings Fund Society, FSB dba Christiana Trust as trustee for Deephaven Residential Mortgage Trust 2017- 1*

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| Wilmington Savings Fund Society, FSB dba Christiana Trust, not in its individual capacity but solely as trustee for Deephaven Residential Mortgage Trust 2017-1,<br><br>Plaintiff,<br><br>v.<br><br>Mark Edward Dillon, an individual, and as trustee of the Mark Edward Dillon Revocable Living Trust, Dated 9/12/2017; Adrian Fontes, solely in his capacity as Maricopa County Recorder; Jason Mussman, an individual and Pooneh Mussman, an individual, and Does I through 20, inclusive;<br><br>Defendants. | No. 2:18-CV-03145-DJH<br><br>**CERTIFICATION OF PLAINTIFF'S COUNSEL** |

Pursuant to the Court's December 10, 2018 Order directing the parties to meet and confer with respect to Plaintiff's Motion to Dismiss Defendant Mark Dillon's Counterclaim, counsel for Plaintiff Wilmington Savings Fund Society, FSB ("WSFS") and Defendant Dillon met and conferred via telephone on December 13, 2018.[1]

During the meet and confer, Defendant Dillon confirmed that, as set forth in the Motion to Dismiss, his counterclaims consist of the following "claims": (a) Dillon has paid off the $1.3 million loan he received from WSFS's predecessor in interest (*See* Dkt.

---

[1] Although the Court directed the *Defendant* to file a Rule 12.1 certification, it was WSFS that moved to dismiss Defendant's counterclaims and asked that the Court excuse undersigned counsel from LRCiv. 12.1(c)'s meet and confer requirements. *See* Dkt. 25. Consequently, counsel for WSFS is submitting this certification pursuant to the Court's Order.

{00406804.1 }

15, Counter-Comp. at 4., ¶ 14), (b) WSFS lacks any interest in the underlying Note and Deed of Trust because any assignment to WSFS was invalid (*id*. at 14, ¶ 40), (c) the assignment of the Deed of Trust to WSFS was fraudulent (*id*. at 11, ¶ 28), (d) "MERS lacks the authority under its corporate charter" to foreclose and "cannot transfer" any interest in the Property (*id*. at 12, ¶ 31), and (e) that WSFS must first provide Dillon with the original Note (*id*. at 14, 40). WSFS has moved to dismiss those claims under Federal Rule of Civil Procedure 12(b)(6).[2]

Although the parties discussed those claims, WSFS maintains that those claims all fail as a matter of law, and that no amount or manner of amendment can render those claims viable. Defendant Dillon did not request leave to amend, nor did he consent to withdraw his counterclaims.

Respectfully submitted this 13th day December, 2018.

                              **COPPERSMITH BROCKELMAN PLC**

                              By:*/s/ Marvin C. Ruth*
                                  Marvin C. Ruth
                                  2800 North Central Avenue, Suite 1900
                                  Phoenix, Arizona  85004
                                  *Attorneys for Defendants*

---

[2] Counsel notes, however, that WSFS's Motion to Dismiss was filed solely to prevent further prejudice to WSFS. As set forth in WSFS's Motion to Remand [Dkt. #9], the Court lacks subject matter jurisdiction.

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2018, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ *Verna Colwell*