Mark Edward family of Dillon
c/o 10115 East Bell Road
Suite 107
Scottsdale, Arizona near [85260]
Non-Domestic, Without the United States Corporation
(480) 433-3914
MARKDILLON34@GMAIL.COM

FILED ___ LODGED
___ RECEIVED ___ COPY
DEC 27 2018
CLERK U S DISTRICT COURT
DISTRICT OF ARIZONA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| WILMINGTON SAVINGS FUND SOCIETY, FSB DBA CHRISTIANA TRUST, NOT IN ITS INDIVIDUAL CAPACITY BUT SOLELY AS TRUSTEE FOR DEEPHAVEN RESIDENTIAL MORTGAGE TRUST 2017-1,<br><br>Plaintiff(s)<br><br>Vs.<br><br>MARK EDWARD DILLON, an individual, and as trustee of the Mark Edward Dillon Revocable Living Trust, Dated 9/12/2017; ADRIAN FONTES, solely in his capacity as Maricopa County Recorder; JASON MUSSMAN: an individual and POONEH MUSSMAN, an individual, and does 1 through 20, inclusive(s),<br><br>Defendant(s) | No. CV-18-3145-PHX-DJH<br><br>**OPPOSITION TO MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE DEFENDANT MARK E. DILLON'S ANSWER TO COMPLAINT** |

COMES NOW, Mark Edward family of Dillon, *in propria persona* (proper person), in opposition to Plaintiff's MOTION TO DISMISS COUNTERCLAIM AND MOTION TO STRIKE DEFENDANT MARK E.DILLON'S ANSWER TO COMPLAINT.

## ARGUMENT

1. The INTRODUCTION of Plaintiff's Motion, by its attorney Mr. Marin Ruth, alleges that "the Answer of Defendant/Counter-Claimant Mark E. Dillon ("Dillon") [Dkt #15] …fails to comply with Federal Rules of Civil Procedure 8." Additionally, Mr. Ruth alleges that "Dillon's Answer is nothing more than a slurry of words that fails to admit or deny the allegations in WSFS's Complaint and also fails to set forth any defenses to the claims therein."

    a. Mr. Ruth's allegations are denied pursuant to Federal Rules of Civil Procedure Rule 8. General Rules of Pleading (b) Defenses; Admissions and Denials. (3) General and Specific Denials "A party that intends in good faith to deny all the allegations of a pleading—including the jurisdictional grounds—may do so by a general denial. A party that does not intend to deny all the allegations must either specifically deny designated allegations or generally deny all except those specifically admitted."

    b. Defendant in good faith and without malicious intent generally denied Mr. Ruth's allegations in Paragraphs 14-49 of Plaintiff's VERIFIED COMPLAINT.

    c. None of Mr. Ruth's allegations are supported by oath or affirmation, by a competent witness having personal knowledge of the facts alleged in Plaintiff's VERIFIED COMPLAINT, pursuant to Federal Rules of Evidence › ARTICLE VI. WITNESSES › Rule 601. Competency to Testify in General, Rule 602. Need for Personal Knowledge, and Rule 603. Oath or Affirmation to Testify Truthfully.

2. Furthermore, Mr. Ruth alleges that the "Counter Complaint is based on largely incomprehensible allegations that fail to state any viable claim for relief against WSFS".

    a. This allegation of Mr. Ruth is also denied and is completely false.

    b. If Mr. Ruth is unable to comprehend plain statements of fact, and provide a point for point rebuttal to the ANSWER with responsive pleadings based on personal knowledge, then Chief Justice Warren Burger of the U.S. Supreme Court was correct when he warned that "75 to 90 Percent of American Trial Lawyers are Incompetent, Dishonest or Both"

3. Expert Witness, Forensic Chain of Title Securitization Analysis, and Affidavit evidences that a disposition of trust and bifurcation of title did occur by securitization of the under lying obligation into the DEEPHAVEN RESIDENTIAL MORTGAGE REMIC TRUST (see Defendant's ANSWER Exhibit B, Expert Witness, Forensic Chain of Title Securitization Analysis, and Affidavit, Pgs. 29-31).

4. However, Plaintiff, by and through its attorney Mr. Ruth, continues to repudiate demonstrating whether the underlying obligation was properly transferred and assigned to DEEPHAVEN RESIDENTIAL MORTGAGE TRUST 2017-1 in the ordinary course of business.

5. Plaintiff has not presented evidence whether it is a Person Entitled to Enforce (PETE) the underlying obligation.

6. Plaintiff's Verified Petition, states that "On August 2, 2018, all of the beneficial interest in the DOT was assigned to Plaintiff in an Assignment of Deed of Trust ("ADOT")..... The ADOT has been sent for recording with the Maricopa County Recorder's Office." (see Plaintiff's Original VERIFIED PETITION, Number 13) the purported Assignment of Deed of Trust happened a year after the Deephaven Mortgage Trust 2017-1 closing date (see Exhibit B, Expert Witness, Forensic Chain of Title Securitization Analysis, and Affidavit, Pg. 7) and well beyond the 60 day requirement in order to avoid potential liability in an action challenging the transferee's

      interest in the property as stipulated under Arizona Revised Statutes Section 33-411.01

7. Marvin Ruth attempts to completely disregard and circumvent the fact that Plaintiff never had a recorded security interest in the subject property before the commencement of this case.

8. Additionally, Plaintiff by its attorney presented robo signed Assignments of Deed of Trust ("ADOT") which were back dated and were corrected twice after the commencement of this case.

9.

10. However, as established by Carpenter v. Longan, 83 U.S. 271, 274, 21L. Ed. 313, 1872 WL 15414 (1872) ("the note and mortgage are inseparable.. . . An assignment of the note carries the mortgage with it, while an assignment of the latter alone is a nullity."). There are dozens of modern statements of the rule; see, e.g., Horvath v. Bank of New York, N.A., 641F.3d 617, 623 (4th Cir. 2011); In re Bryant, 452 B.R. 876, 880 (Bankr. S.D.Ga. 2011); Deutsche Bank Trust Co. Americas v. Codio, 94 A.D.3d 1040,943 N.Y.S.2d 545, 546 (2d Dep't 2012); CPT Asset Backed Certificates, Series 2004-EC1 v. Cin Kham, 2012 OK 22, 278 P.3d 586, 77 U.C.C. Rep.Serv. 2d 88 (Okla. 2012); Commonwealth Property Advocates, LLC v.Mortgage Electronic Registration System, Inc., 2011 UT App 232, 263P.3d 397 (Utah Ct. App. 2011), cert. denied, 268 P.3d 192 (Utah 2011)

11. Mr. Ruth allegations against defendant Dillon under the SUMMARY OF RELEVANT PROCEDURAL HISTORY are denied, ENTIRELY.
    a. Mr. Ruth's statements are nonsensical, unintelligible, wholly incredible, and are without merit.

12. Mr. Ruth's SUMMARY OF ALLEGATIONS is also denied, ENTIRELY.

    a. On August 12, 2016, Dillon **DID NOT** obtain a $1,186,851.00 loan (the "Loan") from Homeowners Financial Group USA, LLC ("HFG") (see Defendant's ANSWER Exhibit E, Alliance Bank Currency Transaction Report showing DILLON as originator of beneficiary information and Exhibit I, Expert Witness Affidavit and Testimony in Monetary and Banking Instruments, paragraph 11, MODERN AUTHORITIES ON MONEY).

    b. Furthermore, Mr. Ruth's hearsay testimony regarding the entity nominee MERS is also denied ENTIRELY. The entity MERS has already set forth its own limitations in both its procedural manual and patent (see Defendant's ANSWER Exhibit K, MERS Procedural Manual, and Exhibit L, MERS Patent).

    c. As also expressed by expert witness testimony; MERS has no legal or beneficial interest in the mortgage indebtedness underlying the security instrument for which it serves as "nominee" (see Defendant's ANSWER Exhibit B, Expert Witness, Forensic Chain of Title Securitization Analysis, and Affidavit Pg. 28)

    d. Mr. Ruth's hearsay testimony is denied, Defendant was never in Default as alleged. Plaintiff's servicer Shellpoint Mortgage Servicing was informed that "it is commercially reasonable that I suspend any further performance (i.e. monthly payments) on my part until assurances are met" as stipulated in Defendant's ANSWER Exhibit C, Notice of Right to adequate assurance of performance; Rights of Party to whom Presentment is made.

    e. Mr. Ruth continues to display his incompetence through more hearsay allegations, by presuming that Defendant used a non-existsant bank

account to payoff the alleged loan. This statement is also denied as entirely false and misleading.

    f. Mr. Ruth onerous jargon and allegations of fraud are not based on fact testimony from a competent witness having personal knowledge of his claims.

13. The paragraph entitled LEGAL STANDARD is wholly irrelevant in that Defendant has in fact brought forth a meritorious claim where relief can be granted. Here, Mr. Ruth is simply convoluting the court record with nonsensical onerous jargon, mumbo jumbo, and gobbledygook

    a.

    b. Tender of Payment made in good faith by, Cash Equivalent Negotiable Security Instrument, No. MED00018-1, registered under Pennsylvania Department of State, Uniform Commercial Code initial filing #2018032000005, made payable to Plaintiff's servicer, SHELLPOINT MORTGAGE SERVICING, in the amount of $1,200,000.00 or One Million Two Hundred Thousand and 00/100 UNITED STATES DOLLARS***************, accepted and received by Maryann Rosser, Operations Manager, New Penn Financial LLC dba Shellpoint Mortgage Servicing, May 23rd 2018 (WHICH IS NOT TO BE CONSTRUED AS AN ADMISSION OF LIABILITY).

## VERIFICATION

I, Mark Edward Dillon, *pro per*, am the authorized representative for the Defendant in the above entitled matter and I have personal knowledge to testify to the matters stated therein. I have read the facts and allegations and declare under penalty of perjury in and for the United States of America that the above is true and correct to the best of my knowledge.

*Mark Edward Dillon* (signature)

Mark Edward family of Dillon
c/o 10115 East Bell Road Suite 107
Scottsdale, Arizona near [85260]
Non-Domestic,
Without the United States Corporation
(480) 433-3914
MARKDILLON34@GMAIL.COM

On the 26th day of December, 2018, Mark Edward Dillon, known to me, appeared before me and executed the above document.

_____
NOTARY

My Commission expires on 11/25/2021

Commonwealth of Pennsylvania-Notary Seal
Deborah Jackson, Notary Public
Philadelphia County
My Commission Expires November 25, 2021
Commission Number 1199970

**AFFIDAVIT IN SUPPORT OF OPPOSITION TO MOTION TO DISMISS COUNTERCLAIMS AND MOTION TO STRIKE DEFENDANT MARK E. DILLON'S ANSWER TO COMPLAINT**

STATE OF ARIZONA § 
§ ss.
COUNTY OF MARICOPA §

Before me, the undersigned notary, on this day personally appeared Mark Edward family of Dillon, the affiant, whose identity is known to me. After I administered an oath, affiant testified as follows:

1. "My name is Mark Edward family of Dillon. I am over 18 years of age, of sound mind, and capable of making this affidavit. The facts stated in this affidavit are within my personal knowledge and are true and correct.

2. I am the true and lawful seller and previous owner of the real property located at 18418 North 97th Place, Scottsdale, Arizona state.

3. The Plaintiff's Assignor in fact never lent any of its own pre-existing money, credit, or assets as consideration to purchase the Fixed/Adjustable Rate Note from the Defendant Dillon.

4. Plaintiff has not evidenced actual possession of the underlying obligation it is attempting to enforce.

5. As such, and contrary to the claims by Plaintiff, upon knowledge, information and belief, the document showing it is an Assignment of Deed of Trust, is void and is a product of fraud and robo signing.

"Further Affiant sayeth not."

_____
Mark Edward family of Dillon, *pro per*
AFFIANT

Affirmed to and Subscribed before me, by Mark Edward Dillon, who personally appeared before me. Dated: December 26, 2018

_____
NOTARY PUBLIC, STATE OF ~~ARIZONA~~ PA

Commonwealth of Pennsylvania-Notary Seal
Deborah Jackson, Notary Public
Philadelphia County
My Commission Expires November 25, 2021
Commission Number 1199970

My Commission Expires: 11/25/2021

8

**CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the forgoing ANSWER was mailed via U.S. Mail, First Class on this 26th, and day of ~~October~~ December 2018 to the following:

Copies mailed to:

Marvin Ruth
COPPERSMITH BROCKELMAN PLC
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
mruth@cblawyers.com
*Attorneys for Plaintiffs*

GUST ROSENFELD P. L.C.
One E. Washington Street, Suite 1600
Phoenix, AZ 85004
(602)257-7481 Telephone
(602) 254-4878 Facsimile
Scott A. Malm-018484
samalm@gustlaw.com
Mina C. O'Boyle-031578
moboyle@gustlaw.com
*Attorneys for Defendants the Mussmans*

_____
Mark Edward family of Dillon
c/o 10115 East Bell Road Suite 107
Scottsdale, Arizona near [85260]
Non-Domestic,
Without the United States Corporation
(480) 433-3914
MARKDILLON34@GMAIL.COM