Marvin C. Ruth (024220)
**COPPERSMITH BROCKELMAN PLC**
2800 North Central Avenue, Suite 1900
Phoenix, Arizona 85004
T: (602) 224-0999
F: (602) 224-6020
mruth@cblawyers.com

*Attorneys for Plaintiff/Counter-Defendant Wilmington Savings Fund Society, FSB dba Christiana Trust as trustee for Deephaven Residential Mortgage Trust 2017-1*

# UNITED STATES DISTRICT COURT

# DISTRICT OF ARIZONA

| | |
|---|---|
| Wilmington Savings Fund Society, FSB dba Christiana Trust, not in its individual capacity but solely as trustee for Deephaven Residential Mortgage Trust 2017-1,<br><br>Plaintiff,<br><br>v.<br><br>Mark Edward Dillon, an individual, and as trustee of the Mark Edward Dillon Revocable Living Trust, Dated 9/12/2017; Adrian Fontes, solely in his capacity as Maricopa County Recorder; Jason Mussman, an individual and Pooneh Mussman, an individual, and Does I through 20, inclusive;<br><br>Defendants. | No. 2:18-CV-03145-DJH<br><br>**REPLY IN SUPPORT OF MOTION TO DISMISS COUNTERCLAIM AND TO STRIKE DEFENDANT MARK E. DILLON'S ANSWER TO COMPLAINT** |

## I. INTRODUCTION

Rather than address the substance of the arguments in WSFS's Motion to Dismiss and Motion to Strike, Dillon utilizes his Response to personally attack WSFS's counsel and lob underhanded, unfounded, and irrelevant insults at WSFS's counsel. However, despite his best attempt, Dillon's diatribe does nothing to save his Answer from being stricken as it fails to comply with Rule 8 or salvage his Counter-Complaint from being dismissed as it fails to state a claim for relief against WSFS. Nor does Dillon set forth any comprehensible argument or legal authority that would save his discredited theories in the Counter-Complaint regarding MERS's authority and WSFS's standing to foreclose. Rather, as discussed in detail in WSFS's moving papers, each of the theories on which Dillon purports to bring his claims has been resoundingly rejected by Arizona state and

{00409827.1 }

1  federal courts. Thus, Dillon's opposition cannot rescue his Answer or his deficient
2  Counter-Complaint.
3      In addition, as WSFS has pointed out in all of its prior pleadings in this Court, the
4  Court lacks subject matter jurisdiction and should remand this case to state Court and
5  order Dillon to pay WSFS's attorney fees.
6      Accordingly, WSFS's Motions to Dismiss and to Strike should be granted.

7  **II.**   **DILLON'S ANSWER AND HIS REQUEST FOR ATTORNEYS' FEES MUST BE STRICKEN**
8

9      As discussed in WSFS's moving papers, Dillon's purported Answer to the
10 Complaint must be stricken because the pleading fails to comply with Rule 8's
11 requirements. Dillon's request for attorneys' fees in the Answer must similarly be stricken
12 given that Dillon is appearing in *pro per* and is not entitled to attorneys' fees. *Pena v.*
13 *Seguros La Comercial, S.A.,* 770 F.2d 811, 816 (9th Cir. 1985); *Susilo v. Wells Fargo*
14 *Bank, N.A.*, 796 F. Supp. 2d 1177, 1196 (C.D. Cal. 2011) (court may use Rule 12(f) to
15 strike prayer for relief that is not available as a matter of law.)
16     Nothing in Dillon's Response to the Motion saves his Answer from being stricken.
17 Dillon presents no argument or authority evidencing that his Answer complies with Rule
18 8. Instead, Dillon simply argues that he is allowed to generally deny the allegations in
19 the Complaint. However, Dillon is required to "respond to the substance of the
20 allegation" yet fails to do so in his 11-paragraph Answer to the 49 paragraphs in WSFS's
21 Complaint. Accordingly, and as more fully discussed in the Motion to Strike, the Answer
22 should be stricken as it fails to properly respond to the Complaint.

23 **III.**   **DILLON'S OPPOSITION CONFIRMS THAT THE COUNTER-COMPLAINT SHOULD BE DISMISSED**
24

25     As discussed in WSFS's Motion to Dismiss, Dillon's purported Counter-
26 Complaint should be dismissed as it fails to state any claim for relief against WSFS. To
27 the extent Dillon purports to allege claims against WSFS for cancellation of instruments
28 and declaratory relief, the claims are based on discredited theories, including that Dillon

has paid off his loan (Counter-Comp. at 4, ¶ 14), WSFS lacks any interest in the underlying Note and Deed of Trust because it was not validly assigned an interest (*id*. at 14, ¶ 40), that the Assignment of Deed of Trust is fraudulent (*id*. at 11, ¶ 28), and that "MERS lacks the authority under its corporate charter" to foreclose and "cannot transfer" any interest in the Property (*id*. at 12, ¶ 31).

Dillon fails to address any of WSFS's arguments in his Response, let alone cite to any legal authority supporting his theories. Dillon has thus effectively conceded the merits of WSFS's arguments by failing to address them in his Response. *See Walsh v. Nev. Dep't of Human Res*., 471 F.3d 1033, 1037 (9th Cir. 2006) (failure to address issue in opposition deemed waiver).

Accordingly, the Motion to Dismiss should be granted.

## IV. CONCLUSION

For the foregoing reasons, and as discussed more fully in its moving papers, WSFS respectfully requests that this Court grant its Motion to Strike and Motion to Dismiss.

Respectfully submitted this 3rd day January, 2019.

**COPPERSMITH BROCKELMAN PLC**

By: */s/ Marvin C. Ruth*
    Marvin C. Ruth
    2800 North Central Avenue, Suite 1900
    Phoenix, Arizona 85004
    *Attorneys for Plaintiff/Counter-Defendant*

**CERTIFICATE OF SERVICE**

I hereby certify that on January 3, 2019, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to all CM/ECF registrants.

s/ *Verna Colwell*

{00409827.1}

- 4 -